UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10759 MLW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DIANE SWALES                              \*

v.                                             \*   MAGISTRATE JUDGE Cohen

JAMES S. GARDNER, M.D.          \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT # 55231
AMOUNT $ 150
SUMMONS ISSUED: yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4/14/04

## PLAINTIFF'S COMPLAINT

### THE PARTIES

1. The plaintiff, Diane Swales, is a resident of Plymouth, Massachusetts.

2. The defendant, James S. Gardner, M.D., is a resident of West Brookfield, Vermont, who at all times material hereto, provided medical care and treatment to the plaintiff, Diane Swales, at his usual place of business in Plymouth, Massachusetts.

### JURISDICTION AND VENUE

3. Jurisdiction is present pursuant to 28 USC § 1332 based on diversity of citizenship involving a matter in controversy that exceeds the value of $75,000.00.

4. Venue is present pursuant to 28 USC § 1391(2) in that a substantial part of the acts or omissions giving rise to this claim occurred within the jurisdictional district in which this case is filed.

### THE FACTS

5. Upon referral by her primary care physician, the plaintiff, Diane Swales, (dob 10/01/45) met with the defendant, James S. Gardner, M.D., a gastroenterologist, on or about April 28, 2000 to inter alia, assess her colon cancer risk in view of her age and familial history of colon polyps.

6. Following this evaluation, the defendant scheduled the plaintiff for a flexible sigmoidoscopy, which was performed on June 2, 2000.

7. On or about June of 2002, the plaintiff developed rectal bleeding and subsequently underwent a colonoscopy which revealed an ulcerating carcinoma approximately 4cm in diameter at the level of the hepatic flexure.

8. Biopsy confirmed final diagnosis of adenocarcinoma of the colon.

9. Following resection of her right colon and chemotherapy, plaintiff has suffered recurrences of colon cancer and metastasis to the abdominal wall.

## COUNT I

### (Negligence)

### (Diane Swales v. James S. Gardner, M.D.)

10. Plaintiff incorporates each and every allegation herein, paragraphs one through nine, *supra*.

11. That the defendant, James S. Gardner, M.D., provided substandard and negligent care to the plaintiff, Diane Swales, including but not limited to his failure to properly assess and evaluate the plaintiff's risk of colon cancer in view of her age and familial history of rectal polyps, and his further negligent failure to perform a diagnostic colonoscopy rather than a flexible sigmoidoscopy.

12. That had he performed the proper diagnostic test, to wit, a colonoscopy, the subject colon lesion/polyp would have been recognized/diagnosed and treated in a timely fashion thereby precluding development of a malignancy and/or metastasis and a dire prognosis for life expectancy.

13. As a proximate result of the defendant's negligence, the plaintiff developed metastatic colon cancer, has required extensive treatment and hospitalization because of the delayed diagnosis, has incurred and continues to incur substantial expenses for medical care and attention, has a very limited life expectancy as a result thereof and otherwise was injured as will be show at trial.

WHEREFORE, plaintiff, Diane Swales demands judgment against the defendant, James S. Gardner, M.D., in the sum of $1,000,000.00.

Plaintiff demands a trial by jury on each and every issue raised herein.

Dated: April 6, 2004

The Plaintiff, DIANE SWALES,
By her attorney,
JOSEPH G. ABROMOVTIZ, P.C.

Joseph G. Abromovitz
BBO NO. 011420
858 Washington St., 3rd Fl.
Dedham, MA 02026
PHONE: (781) 329-1080