UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04107529MLW

DIANE SWALES, )
)
Plaintiff, )
)
v. )
)
JAMES S. GARDNER, M.D. )
)
Defendant )

# ANSWER OF THE DEFENDANT, JAMES S. GARDNER, M.D., TO PLAINTIFF'S COMPLAINT

### FIRST DEFENSE

The defendant, Dr. Gardner, hereby answers plaintiff's Complaint as follows:

### PARTIES

1. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1.

2. The defendant admits the allegations of paragraph 2.

### JURISDICTION AND VENUE

3. The defendant is without sufficient knowledge or information to form a belief as to the diversity of citizenship among the parties. The defendant denies the amount in controversy exceeds $75,000.

4. The defendant admits the acts or omissions alleged by plaintiff occurred within this district's jurisdiction. The defendant denies any particular act or omission.

### THE FACTS

5. The defendant admits the allegations of paragraph 5.

6. The defendant admits the allegations of paragraph 6.

7. The defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 7.

8. The defendant is without sufficient knowledge or information to form belief as to the allegations of paragraph 8.

9. The defendant is without sufficient knowledge or information to form belief as to the allegations of paragraph 9.

## COUNT I

10. The defendant repeats his responses in paragraphs 1 though 9 of his answer, and hereby incorporates them by reference.

11. The defendant denies the allegations of paragraph 11.

12. The defendant denies the allegations of paragraph 12.

13. The defendant denies the allegations of paragraph 13.

## SECOND DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

## THIRD DEFENSE

The defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

## FOURTH DEFENSE

Pursuant to M.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

## FIFTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(1), this court lacks jurisdiction over the subject matter and this action should be dismissed.

## SIXTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(2), this court lacks jurisdiction of the parties as there is not complete diversity of citizenship and this action should be dismissed.

## SEVENTH DEFENSE

The negligence of the plaintiff contributed to her injuries, and recovery in this action should be barred or diminished in accordance with the provisions of Massachusetts General Laws c. 231, Sec. 85.

## EIGHTH DEFENSE

The defendant says that the plaintiff's action was not commenced within the time specified by the General Laws of the Commonwealth, and therefore, the plaintiff is barred from recovery.

## NINTH DEFENSE

The defendant says that the amount of recovery for alleged conscious pain and suffering, if any, is limited to $500,000 by the provisions set forth in Massachusetts General Laws c. 231, Sec. 60H.

## TENTH DEFENSE

The defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of Massachusetts General Laws c. 231, Sec. 60G.

## ELEVENTH DEFENSE

The defendant says that the plaintiff has failed to effectuate service on the proper party.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendant, together with costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04107529MLW

)
DIANE SWALES,            )
                         )
Plaintiff,               )
                         )
v.                       )
                         )
JAMES S. GARDNER, M.D.   )
                         )
Defendant                )

### ANSWER OF THE DEFENDANT, JAMES S. GARDNER, M.D., TO PLAINTIFF'S COMPLAINT

#### FIRST DEFENSE

The defendant, Dr. Gardner, hereby answers plaintiff's Complaint as follows:

#### PARTIES

1. The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1.

2. The defendant admits the allegations of paragraph 2.

#### JURISDICTION AND VENUE

3. The defendant is without sufficient knowledge or information to form a belief as to the diversity of citizenship among the parties. The defendant denies the amount in controversy exceeds $75,000.

4. The defendant admits the acts or omissions alleged by plaintiff occurred within this district's jurisdiction. The defendant denies any particular act or omission.

#### THE FACTS

5. The defendant admits the allegations of paragraph 5.

6. The defendant admits the allegations of paragraph 6.

7. The defendant is without sufficient knowledge or information to form a belief as to the allegations of paragraph 7.

8. The defendant is without sufficient knowledge or information to form belief as to the allegations of paragraph 8.

9. The defendant is without sufficient knowledge or information to form belief as to the allegations of paragraph 9.

## COUNT I

10. The defendant repeats his responses in paragraphs 1 though 9 of his answer, and hereby incorporates them by reference.

11. The defendant denies the allegations of paragraph 11.

12. The defendant denies the allegations of paragraph 12.

13. The defendant denies the allegations of paragraph 13.

## SECOND DEFENSE

The Complaint fails to state a claim against the defendant upon which relief can be granted.

## THIRD DEFENSE

The defendant says that if the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct this defendant was not and is not legally responsible.

## FOURTH DEFENSE

Pursuant to M.G.L. c. 231, §60B, it is requested that a tribunal be convened within fifteen (15) days to afford the plaintiff an opportunity to present an offer of proof and substantiating evidence sufficient to raise a legitimate question of liability appropriate for judicial inquiry.

## FIFTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(1), this court lacks jurisdiction over the subject matter and this action should be dismissed.

### SIXTH DEFENSE

Pursuant to F.R.C.P. Rule 12(b)(2), this court lacks jurisdiction of the parties as there is not complete diversity of citizenship and this action should be dismissed.

### SEVENTH DEFENSE

The negligence of the plaintiff contributed to her injuries, and recovery in this action should be barred or diminished in accordance with the provisions of Massachusetts General Laws c. 231, Sec. 85.

### EIGHTH DEFENSE

The defendant says that the plaintiff's action was not commenced within the time specified by the General Laws of the Commonwealth, and therefore, the plaintiff is barred from recovery.

### NINTH DEFENSE

The defendant says that the amount of recovery for alleged conscious pain and suffering, if any, is limited to $500,000 by the provisions set forth in Massachusetts General Laws c. 231, Sec. 60H.

### TENTH DEFENSE

The defendant says that the plaintiff's recovery for past and future medical expenses is limited pursuant to the provisions of Massachusetts General Laws c. 231, Sec. 60G.

### ELEVENTH DEFENSE

The defendant says that the plaintiff has failed to effectuate service on the proper party.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that judgment thereon be entered in favor of the defendant, together with costs.

**THE DEFENDANT REQUESTS A TRIAL BY JURY OF ALL ISSUES.**

Respectfully submitted,
Defendant,
**JAMES S. GARDNER, M.D.**
by his attorneys,

B. A. A

Alan B. Rindler (BBO# 420860)
Brooks A. Ames (BBO# 641192)
RINDLER • MORGAN, P.C.
133 Portland Street, Suite 500
Boston, MA 02114-1728
(617) 973-0660

Dated: 5/5/04

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand or mail on 5/5/04
BAA