UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04107529MLW

|   |   |
|---|---|
| DIANE SWALES, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| JAMES S. GARDNER, M.D. | ) |
|  | ) |
| Defendant | ) |

## MOTION TO DISMISS OF DEFENDANT, JAMES S. GARDNER, M.D.

Defendant, Dr. Gardner, hereby requests that this Court dismiss the action against him. In support of his motion, the defendant states the following:

1. This suit alleges medical malpractice against Dr. Gardner arising out of his care and treatment of Diane Swales.

2. The complaint was filed on or about April 6, 2004 and the defendant answered the complaint on May 5, 2004.

3. On or about January 31, 2005, the case was assigned a medical malpractice tribunal in Plymouth County Superior Court to be conducted on March 10, 2005. (See Exhibit 1, Order for Medical Malpractice Tribunal.)

4. On February 15, 2005, Joseph Abromovitz, counsel representing the plaintiff, filed a Suggestion of Death, indicating that the plaintiff died on January 19, 2005, requiring the appointment of an administratrix and/or executrix of her estate. (See Exhibit 2, Suggestion of Death.)

5. On February 17, 2005, Attorney Abromovitz filed a Motion to Continue the Medical Malpractice Tribunal Hearing that was scheduled in Plymouth Superior Court. (See Exhibit 3, Plaintiff's Motion to Continue the Medical Malpractice Tribunal Hearing.)

6. The plaintiff's motion to continue was allowed by the Plymouth Superior Court on March 4, 2005. (See Exhibit 4, Clerk's Notice.)

7.     On or about May 23, 2005, Attorney Abromovitz filed a Motion to Withdraw as Counsel, which this court granted on June 24, 2005. (See Exhibit 5, Motion to Withdraw as Counsel.)

7.     The basis of Attorney Abromovitz's Motion to Withdraw was that, following a "thorough investigation, appropriate consultation and review of the medical liability issues, plaintiff's counsel has found that his representation cannot satisfy the requirement of Federal Rule 11." (See Exhibit 5, Motion to Withdraw as Counsel.)

8.     On June 24, 2005, this Court held that the plaintiff shall, by August 2, 2005, "either cause successor counsel to file an appearance, state that she intends to represent herself because she cannot obtain counsel, or request a dismissal of this case." (See Exhibit 5, Motion to Withdraw as Counsel.)

9.     On July 24, 2005, Ms. Stacie M. Liberatore, purportedly acting on behalf of the interests of the plaintiff, wrote to the court requesting a sixty day extension to "meet with another counsel in order for evaluation and appearance" for the plaintiff in this matter. (See Exhibit 6, correspondence of Stacie M. Liberatore.)

10.     This court allowed the Motion on or about September 19, 2005. (See Exhibit 6, correspondence of Stacie M. Liberatore.)

11.     More than sixty days has passed since Ms. Liberatore's July 24, 2005 correspondence seeking an extension, and therefore, the defendant in the above action respectfully moves to dismiss this matter.

WHEREFORE, the defendant, Dr. Gardner, hereby requests that this Court dismiss this matter against him, for the reasons stated above.

Respectfully submitted,
Defendant,
**JAMES S. GARDNER, M.D.**
by his attorneys,

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand
or mail on 10-13-05

Alan B. Rindler (BBO# 420860)
Jeanine E. Goodwin (BBO# 637562)
RINDLER • MORGAN, P.C.
133 Portland Street, Suite 500
Boston, MA 02114-1728
(617) 973-0660

Dated: 10-13-05

2